1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11  JOHN MITCHELL,                           ) Case No.: 1:11-cv-01796-JLT HC
                                             )
12              Petitioner,                  ) FINDINGS AND RECOMMENDATIONS TO
                                             ) GRANT RESPONDENT'S MOTION TO
13       v.                                  ) DISMISS (Doc. 11)
                                             )
14                                           ) ORDER DIRECTING THAT OBJECTIONS BE
    K. ALLISON, Warden,                      ) FILED WITHIN TWENTY DAYS
15                                           )
                                             )
16              Respondent.                  )
                                             )
17  _____)

18       Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

19  pursuant to 28 U.S.C. § 2254.

20                          **PROCEDURAL HISTORY**

21       On October 27, 2011, Petitioner filed the instant petition.  (Doc. 1).  The Court ordered

22  Respondent to file a response to the petition on November 2, 2011.  (Doc. 5).  Respondent filed

23  the instant motion to dismiss the petition on January 5, 2012, contending that the Court lacks

24  habeas jurisdiction because sanctions imposed at the grievance proceeding upon which

25  Petitioner's claims are premised will not affect the fact or duration of Petitioner's sentence.

26  (Doc. 11).  On January 25, 2012, Petitioner filed his opposition to the motion to dismiss.  (Doc.

27  12).

28

1

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Respondent has filed the instant motion to dismiss the petition for lack of habeas jurisdiction.  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a lack of habeas jurisdiction. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Lack of Habeas Jurisdiction.

Petitioner was convicted in the Los Angeles County Superior Court in 1997 of three counts of first degree residential burglary and sentenced to an indeterminate term of eighty-five-years-to-life under California's Three Strikes Law.  (Doc. 11, Ex. A).  On December 1, 2009, prison officials conducted a disciplinary hearing after which it was found that Petitioner had violated a prison rule by committing battery upon another inmate with a weapon, i.e., a radio, resulting in serious bodily injury. (Doc. 11, Ex. 2).  As a result of that rules violation, Petitioner

was assessed a 360-day credit loss and ten days' "loss of yard." (Id.).   Petitioner alleges that, although not mentioned in the hearing officer's report, Petitioner was subsequently confined in the Secure Housing Unit ("SHU") for a period of fifteen months as a result of this incident. (Doc. 12, p. 3).

Petitioner raises three grounds for relief in the first amended petition: (1) the disciplinary hearing violated Petitioner's due process rights by failing to "test the reliability" of a confidential informant before using the informant's testimony as evidence; (2) Petitioner was denied his Fifth and Fourteenth Amendment rights when his witness was not called and when certain requested evidence was not produced at the hearing; and (3) Petitioner was punished by his classification committee prior to the finding of guilt, in violation of his due process rights.  (Doc. 1, pp. 4-5).

Respondent's motion to dismiss argues that this Court lacks habeas jurisdiction because the sanctions complained of, i.e., loss of 360-days' credits,  do not impact the fact or duration of Petitioner's sentence as an inmate serving an indeterminate sentence under California's Three Strikes Law.  For the reasons set forth below, the Court agrees with Respondent and recommends that the petition be dismissed.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Hill v. McDonough, 547 U.S. 573, 579, 128 S.Ct. 2096 (2006)(challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  While the United States Supreme Court has not addressed whether a challenge to a condition of confinement may be brought in habeas

corpus, see <u>Docken v. Chase</u>, 393 F.3d 1024, 1028 (9th Cir. 2004), the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will *not necessarily* shorten the prisoner's sentence." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 859 (9th Cir. 2003)(emphasis supplied).

As mentioned, Petitioner is serving an indeterminate Three Strikes sentence of 85-years-to-life. As Respondent correctly observes, under California law, a Three Strikes inmate is not entitled to earn prison conduct credits for use against his mandatory indeterminate term of life imprisonment. <u>In re Cervera</u>, 24 Cal. 4th 1073, 1076 (2001). In <u>Cervera</u>, the California Supreme Court held that the State's Three Strikes Law did not authorize the award of prison conduct credits against a Three Strikes indeterminate term, and "[i]n the absence of authorization for use against indeterminate terms,...prison conduct credits are simply unavailable." <u>Id</u>., pp. 1078-1079. The state high court expressly found that prison conduct credits may not be awarded against a Three Strikes indeterminate term and it rejected the argument that such credits may be awarded against the minimum term portion of such a sentence. <u>Id</u>., pp. 1080-1082.

Here, the evidence presented by Respondent establishes that Petitioner's sentence commenced on June 25, 1998, and that his indeterminate life term commenced on October 13, 2006. (Doc. 11, Ex. 3). Because Petitioner's indeterminate Three Strikes' term had commenced prior to the 2009 disciplinary hearing, under California law any loss of credits resulting from that hearing could have no bearing on the length of Petitioner's remaining sentence or on his eventual release date. <u>In re Cervera</u>, 24 Cal.4th at 1073.

As the Ninth Circuit has indicated, "habeas jurisdiction is absent, and a §1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." <u>Ramirez</u>, 334 F.3d at 858. Here, even if, arguendo, Petitioner's 360 days' credits were restored, it is obvious that such circumstances would not "<u>necessarily</u> shorten" his sentence. Indeed, by operation of state law, such circumstances could have no possible effect on Petitioner's sentence whatsoever. Accordingly, the Court lacks habeas jurisdiction. <u>Id</u>

Petitioner's opposition does not squarely address this issue; rather, Petitioner contends that he has a liberty interest in having a fair disciplinary hearing. That is not disputed.

1  Petitioner's argument, however, misses the point.  The issue raised by the motion to dismiss does

2  not challenge Petitioner's right to a fair disciplinary hearing, but goes to whether the Court has

3  habeas jurisdiction to entertain *any* issue.  As discussed above, the Court concludes that

4  jurisdiction is absent.

5     Similarly, Petitioner's citation to <u>Jackson v. Carey</u>, 353 F.3d 750 (9th Cir. 2003), is

6  unavailing.  <u>Jackson</u> is a prisoner civil rights case pursuant to 42 U.S.C. § 1983, not a habeas

7  corpus case.  Although a §1983 case may indeed be Petitioner's only remedy under these facts,

8  nothing in <u>Jackson</u> even remotely suggests that habeas jurisdiction exists where a habeas petition

9  does not in some way implicate the fact or duration of the petitioner's sentence.

10     Similarly, Petitioner's argument that confinement in the SHU is qualitatively different

11  from other types of prison confinement such that due process principles come into play, is

12  equally misguided.  As mentioned, the issue is not whether Petitioner's claims raise federal

13  issues, but whether this Court, ab initio, has jurisdiction to address such issues in the context of a

14  federal habeas corpus proceeding.  Since it does not, this Court has no alternative but to dismiss

15  the petition.

16             <u>**RECOMMENDATION**</u>

17     Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for lack of

18  jurisdiction (Doc. 11), be GRANTED.

19     This Findings and Recommendation is submitted to the United States District Court

20  Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304

21  of the Local Rules of Practice for the United States District Court, Eastern District of California.

22  Within twenty (20) days after being served with a copy, any party may file written objections

23  with the court and serve a copy on all parties.  Such a document should be captioned "Objections

24  to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

25  and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the

26  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

27  636 (b)(1)(C).

28  *///*

1    The parties are advised that failure to file objections within the specified time may waive

2  the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3

4  IT IS SO ORDERED.

5  Dated:   **January 30, 2012**                                    **/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28